UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| CHARLES JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:22-cv-00105-RLY-CSW |
| | ) |
| DEREK LAPPE, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Before the court is the Magistrate Judge's Report and Recommendation that this action be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b) for Plaintiff Charles Johnson's repeated failure to comply with the court's orders. Dkt. 64. For the reasons stated below, the court **ADOPTS** the Magistrate Judge's Report and Recommendation.

**I.      Standard of Review**

A magistrate judge may issue a Report and Recommendation on a dispositive matter. 28 U.S.C. § 636(b)(1)(B). Objections to such a Report and Recommendation must be filed within 14 days. 28 U.S.C. § 636(1). The magistrate judge's undisputed findings are reviewed for clear error, *Johnson v. Zema Syst. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); the contested findings are reviewed de novo. *Kanter v. C.I.R.*, 590 F.3d 410, 416 (7th Cir. 2009). "*De novo* review requires the district judge to decide the case based on an independent review of the evidence and arguments without giving any presumptive weight to the magistrate judge's conclusion." *Mendez v. Republic Bank*, 725 F.3d 651, 662 (7th Cir. 2013). "The district judge makes the ultimate decision to adopt, reject, or modify the magistrate judge's recommendation." *Left Field Media LLC v. City of Chicago*, 137 F.Supp.3d 1127, 1133 (N.D. Ill. 2015).

1

Here, it is not clear whether Mr. Johnson timely objected to the Magistrate Judge's Report and Recommendation. Mr. Johnson had 14 days to file his specific, written objections to the proposed recommendation under Rule 72. As set forth in detail, below, Mr. Johnson never filed an explicit Rule 72 objection. Instead, he filed a motion for extension of time, asking for 60 days to file an amended complaint and initial disclosures. Dkt. 65. After the 14-day objection period had expired, he filed a response in opposition to Defendants' pending motion to dismiss for failure to prosecute, dkt. 68; a motion for clarification, dkt. 69; and a motion to amend judgment, dkt. 70. Mr. Johnson also filed an improper appeal of the Report and Recommendation.[1] Liberally construing these filings as Mr. Johnson contesting the Magistrate Judge's Report and Recommendation, the court will review the findings *de novo*.

II.     Analysis

A court may dismiss an action if a plaintiff fails to prosecute it. Fed. R. Civ. P. 41(b); *see also Next Millennium Telecom Co.*, 1112 F.4th 481 (7th Cir. 2024) (affirming district court's sua sponte dismissal of case with prejudice for failure to prosecute). Regardless of the source of authority, any sanctions imposed "must be proportionate to the circumstances." *Rice v. City of Chicago*, 333 F.3d at 780, 784 (7th Cir. 2003). Factors relevant to proportionality include "the extent of the misconduct, the ineffectiveness of lesser sanctions, the harm from the misconduct, and the weakness of the case." *Id*. Finally, a court may dismiss a case for failure to prosecute under Rule 41(b) only "when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Brown v. Columbia Sussex Corp.*, 664 F.3d 182,

---

[1] The rule that a notice of appeal divests the district court of jurisdiction does not apply to an improper appeal of a non-final, non-appealable order. *See JPMorgan Chase Bank, N.A. v. Asia Pulp & Paper Co.*, 707 F.3d 853, 860 n.7 (7th Cir. 2013) (the general rule "does not operate ... where there is a purported appeal from a non-appealable order"). Therefore, the court retains jurisdiction to assess the Magistrate Judge's Report and Recommendation despite Mr. Johnson's notice of appeal.

190 (cleaned up); *see also Ledford v. Waldo*, No. 23-2463, 2024 WL 1104785, at *2 (7th Cir. Mar. 14, 2024) (affirming dismissal of case filed by pro se plaintiff for failure to prosecute).

The Magistrate Judge recommended that Mr. Johnson's case be dismissed for failure to prosecute. After de novo review, the court agrees with that recommendation.

This case has been pending since July 18, 2022. Dkt. 1. After Mr. Johnson's amended complaint was screened, he filed a motion to stay proceedings for five or six months. Dkt. 49. This motion was denied. While the court appreciated some of the barriers that he faced because of the terms of his parole, it noted that such barriers are not uncommon for pro se litigants, and they did not constitute good cause to completely stay this case for the next five or six months. Dkt. 50.

Mr. Johnson moved to reconsider the denial of the stay, which motion was denied. Dkt. 54. On January 14, 2025, the court entered an Order Setting Pretrial Schedule and Discussing Discovery in Prisoner Litigation, dkt. 53 ("Scheduling Order"), which set Mr. Johnson's initial deadlines to serve his initial disclosures and settlement demand for March 14 and April 14, respectively. Further, the Order specifically outlined the requirements for the parties' respective initial disclosures. Dkt. 53 at 1–2, 4.

Two months later, Mr. Johnson requested the court extend all deadlines for 30 to 45 days because he was a college student and had two jobs. Dkt. 56. The court granted him an extension of only the initial disclosure and amended pleading deadlines to May 8, 2025. Dkt. 57.

Mr. Johnson did not meet this extended deadline. Instead, the day before the extended May 8 deadline, he sought to extend all deadlines in the case by 60 days because he had time commitments with college, two jobs and a long commute, was adversely affected by an April tornado, was litigating other cases, and experiences "discomfort" from carpal tunnel. Dkt. 60. The court did not find any of the presented reasons good cause to extend all deadlines by 60 days.

3

Dkt. 62. But due to the new circumstance of the recent tornado, the court granted a limited extension to June 27 for Mr. Johnson to serve his initial disclosures and settlement demand. Dkt. 62. Mr. Johnson was cautioned that it was his "last chance to serve initial disclosures" and that **"[f]ailure to meet this deadline may result in dismissal for failure to prosecute**." Dkt. 62 (emphasis in original). In recognition of the fact that Mr. Johnson's legal document were destroyed by the tornado, the court sent him new copies of multiple documents, including the Scheduling Order. *Id.*

On July 7, Defendants notified the court that they had not received the initial disclosures or settlement demand. Dkt. 63. The next day, the Magistrate Judge recommended this matter be dismissed for failure to prosecute because Mr. Johnson had been cautioned multiple times that it was his last chance to serve initial disclosures and that his case may be dismissed for failure to prosecute. Dkt. 64. At that point, more than six months had elapsed since the court first ordered Mr. Johnson to serve his initial disclosures.

Ten days after the Magistrate Judge issued her Report and Recommendation—and about three weeks after the June 27 deadline for serving initial disclosures and a settlement demand—Mr. Johnson filed another motion for extension of time, which is currently pending before the court. Dkt. 65. In this motion, he asks for an additional 60 days to serve "proper Initial Discovery and Disclosures" and seeks leave to file an amended complaint. *Id*. He does not mention the recommendation that his case be dismissed for failure to prosecute, although he does say that he does not agree with the denial of his most recent request that all deadlines be extended by 60 days. He also states that he served Defendants' counsel with his initial disclosures and settlement demand, noting that he intends to file "proper" initial disclosures later. *Id.*

Four days later, Defendants filed a motion to dismiss for Mr. Johnson's failure to prosecute this case, which is also currently pending. Dkt. 66. They report that they did receive a copy of Plaintiff's "Initial Disclosures and Settlement Demand" on July 17 and attach a copy to their motion. Dkt. 66-1. They argue that Mr. Johnson's initial disclosures are insufficient because, contrary to the Scheduling Order, he did not include a short description of what each identified witness knows, produce copies of the referenced documents, or provide a statement of the injuries he suffered and the relief he seeks. Dkt. 66 at 4. Mr. Johnson filed a response in opposition to Defendants' motion to dismiss. Dkt 68. He offers no defense of his initial disclosures, which he admitted in his motion for extension of time were not "proper," dkt. 65 at 2. Nor does he attempt to remedy the deficiencies in the initial disclosures. He also provides no cogent argument for not granting the motion to dismiss. Rather, he implies that defense counsel is behaving unethically because they think poorly of him and indicates his intent to "research" that issue. Dkt. 68 at 4.

On the same day as he filed his response to the motion to dismiss, Mr. Johnson filed a "Motion for Clarification on Orders Setting Pretrial Schedule and Discussing Discovery in Prisoner Litigation and Order Subsequently Recommending Dismissal for Failure to Prosecute." Dkt. 69. As best the court can tell, Mr. Johnson complains that only one set of Defendants' attorneys sent him initial disclosures and perhaps that they failed to respond to discovery responses he sent them. *Id.* at 2 ("WHY DID IT TAKE UNTIL AFTER 5/28/2025 TO RECEIVE SUPPLEMENTING DISCLOSURE FROM KEENON AND STILL HAVE YET TO RECEIVE INITIAL FROM ANYONE ELSE. YET, PLAINITFF ASKED FOR **ANY** SUBMISSIONS BY DEFENDANTS. THIS WOULD INCLUDE INITIAL DISCLOSURE."). He then restates all the reasons that he has failed to meet deadlines in this case, now adding that his "single most important incapacitation" is that he has to frequently travel to see his ailing mother, who lives more than 300

5

miles away. *Id.* at 2. He argues that he should not be faulted for failing to submit records with his initial disclosures because they were destroyed in the tornado. *Id.* at 3. He appears to suggest that other copies of the records are available—both on the docket of another one of his cases and in physical form at his aunt's house—but he needs more time to retrieve them. *Id.* at 5. He also states that, before the final June 27 deadline for serving initial disclosures, he was "tracking down leads on witnesses on his own" and had scheduled a meeting with one of the witnesses listed in his initial disclosures. *Id.* at 4. He asks the court to vacate the Report and Recommendation recommending dismissal and to extend his deadlines by another 60 days. *Id.* at 6.

Ten days later, he filed a motion to clarify or alter judgment under Federal Rules of Civil Procedure 59 and 60. Dkt. 70. This motion again repeats the same difficulties that Mr. Johnson has been experiencing as a pro se litigant throughout the pendency of this action. The court previously found that such difficulties are not good cause to stay the case or to repeatedly extend the proceedings with no affirmative action taken in this case from Mr. Johnson. Mr. Johnson's objections are essentially just requests that the court not dismiss his action and provide him with more time to file an amended complaint.

There is a clear record of delay with respect to Mr. Johnson prosecuting his case. "[A] party cannot decide for itself when it feels like pressing its action and when it feels like taking a break because trial judges have a responsibility to litigants to keep their court calendars as current as humanly possible." *GCIU Employer Retirement Fund v. Chicago Tribune Co.*, 8 F.3d 1195, 1198-99 (7th Cir. 1993) (cleaned up). Mr. Johnson has repeatedly failed to comply with court orders, waiting until the last minute or after the deadline to file for another lengthy extension. Three years after he initiated this action, he is still seeking extensions of time to file an amended complaint due to the same barriers that many pro se litigants face. And six-and-a-half months after the original

initial disclosure deadline, he is still asking the court for more time to serve proper initial disclosures. The initial disclosure requirement is not onerous. He is required only to provide the names of witnesses he might use to support his claims and a description of what they know, copies of documents he has *in his possession*, a statement of his injuries, and the relief he seeks. Dkt. 53. Mr. Johnson suggests that he should not be faulted for failing to produce supporting records because they were destroyed in a tornado in April, but his most recent filings suggest that he has access to other copies of the records. And, even if he does not have such copies, he has not explained his total failure to comply with requirements to explain what his identified witnesses know and to provide a statement of his injuries and the relief he seeks. When Mr. Johnson identified the witnesses listed in his initial disclosures, he had to have had some idea of what they knew—otherwise, he would not have disclosed them. At this point, his failure to describe what they know is inexplicable. Moreover, rather than simply fixing his initial disclosures, Mr. Johnson continues to file multiple motions asking for more time based on circumstances that the court has already rejected as constituting good cause for his continued requests for extensions, like having multiple jobs, college classes, a long commute, family obligations, and some discomfort due to carpel tunnel. At this point, there is no end in sight as to his requests for more time, and the record supports an inference that he is willfully refusing to comply with his obligations in this litigation.

      Mr. Johnson's repeated delays have effectively brought this case to a halt at the very beginning stages of discovery. Defendants have been prejudiced because they cannot pursue discovery necessary to defend against this case if Mr. Johnson does not at least fulfill his initial disclosure obligations. The court recognizes that, given the age of this case, a dismissal without prejudice might effectively be a dismissal with prejudice if the statute of limitations on Mr. Johnson's claims has fun. But the court already warned Mr. Johnson that his claims might be

dismissed if he did not comply with the Order to provide initial disclosures and a settlement demand. That warning did not work, so other sanctions less drastic than dismissal are unlikely to be effective. Mr. Johnson's indigent status also limits the Court's ability to impose sanctions other than dismissal, such as monetary sanctions. *See* dkt. 67 at 2–3 ("Even though his car note late. Utilities late. And nothing in the refrigerator.").

For all of these reasons, after applying *de novo* review, the court agrees with the Magistrate Judge that this matter is appropriate for dismissal for failure to prosecute under Rule 41(b).[2]

### III. Conclusion

The court **adopts** Magistrate Judge Wildeman's report and recommendation, dkt. [64], in whole. This action is **dismissed without prejudice** pursuant to Rule 41(b). The pending motions, dkts. [59]; [65]; [66]; [69]; [70], are **denied as moot**. The **clerk is directed** to enter final judgment consistent with this order.

**IT IS SO ORDERED.**

Date: 9/04/2025

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distribution:

CHARLES JOHNSON
302 E. Oak St.
Apt. A
Princeton, IN 47670

All Electronically Registered Counsel

---

[2] To be clear, even applying the clear error standard, the result is the same. There is plainly no clear error in the Magistrate Judge's Report and Recommendation.